PER CURIAM.
The Florida Bar instituted two disciplinary proceedings against William B. Seidel, *872 a member of the bar, regarding his failure to remit funds to his client’s agent, his failure to appear at his own trial on a charge of driving while intoxicated, and his arrest for the theft of two cans of beer and for having an open container of alcohol within a vehicle. The referee consolidated both cases for final hearing and, with minor modifications, accepted Seidel’s consent judgment to the charges against him. Pursuant to that consent judgment, the referee recommends that Seidel be found guilty of engaging in conduct prejudicial to the administration of justice, engaging in conduct that adversely reflects on his fitness to practice law, and committing an act contrary to honesty, justice, or good morals.* The referee also recommends that Seidel receive a public reprimand and be put on probation for three years with conditions hereafter specified. Neither side contests the referee’s report.
We have jurisdiction pursuant to article V, section 15, Florida Constitution. Upon consideration, we adopt the referee’s report and recommendations. Publication of this opinion in the Southern Reporter will serve as Seidel's public reprimand. Seidel is also placed on a three-year probation with the following conditions:
a) Seidel shall contact Florida Lawyers Assistance, Inc., and thereafter continuously participate in whatever course of treatment for his alcoholism that is promulgated by that entity.
b) Seidel shall be precluded from engaging in the practice of law until such time as Florida Lawyers Assistance, Inc., certifies to The Florida Bar that his alcoholism is under control and no longer impairs his ability to practice law.
c) Should Florida Lawyers Assistance, Inc., subsequently advise The Florida Bar that Seidel is again impaired due to his alcoholism, Seidel agrees to be placed on the inactive list for incapacity not related to misconduct pursuant to the provisions of The Rules Regulating The Florida Bar, rule 3-7.12 and further agrees that he shall remain on said list and refrain from the practice of law until he is readmitted. Any such readmission shall have, as a condition precedent, recertification from Florida Lawyers Assistance, Inc., that Seidel’s alcoholism is under control and will not impair his ability to practice law. The process of’ voluntarily going on the inactive list shall be repeated each time that Seidel proves unable to control his alcoholism as reported to The Florida Bar by Florida Lawyers Assistance, Inc., and readmission will require the aforesaid recertification from Florida Lawyers Assistance, Inc.
d) If and when Seidel resumes the practice of law, all of his work shall be under the supervision of a member of The Florida Bar who shall be acceptable to The Florida Bar. Such supervision will consist of monitoring Seidel’s case load, rendering advice and suggestions to Seidel when necessary, and submitting quarterly reports to the Supreme Court of Florida and The Florida Bar regarding Seidel’s handling of his case load.
e) Seidel shall make restitution to Jerry Stein in the amount of $1,000.00. Payment shall be at a rate of $50.00 per month without assessment of interest.
f) Failure to abide by all the terms and conditions of probation may also result in termination of probation as provided by The Rules Regulating The Florida Bar, rule 3-5.1(c).
g) Seidel shall have the option of petitioning the Supreme Court of Florida for an earlier termination of probation if such application is supported by Florida Lawyers Assistance, Inc. Similarly, The Florida Bar shall have the option of petitioning the Supreme Court of Florida for an extension of probation if deemed appropriate.
Because the conditions of probation preclude Seidel from practicing law until Florida Lawyers Assistance, Inc., certifies that his ability to practice law is no longer impaired, the probation will be effective thirty days from the filing of this opinion in order to give Seidel time to close out his present practice and protect his clients’ interests if *873 necessary. For any period of probation during which Seidel is precluded from practicing law, he shall neither accept any new business nor represent any existing clients. Judgment for costs in the amount of $609.39 is hereby entered against Seidel, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

Disciplinary rules 1 — 102(A)(5) and (6) of the former Code of Professional Responsibility and art. XI, rules 11.02(3)(a) and 11.02(4)(b) of the former Integration Rule.